UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FRANK ORTIZ,

    Plaintiff,

v.

DAVID KELLY, et al.,

    Defendants.

3:05-CV-00113-LRH-VPC

ORDER

Before the court are Defendants' Motion for Reconsideration of Order Denying Defendants' Motion for Reconsideration of Order Granting Plaintiff's Motion to Proceed In Forma Pauperis on Appeal (#285), Plaintiff's opposition (#286), and Defendants' reply (#287). The motion seeks reconsideration of this court's Order of July 14, 2009 (#284), which denied Defendants' original motion for reconsideration (#275) as moot based on the dismissal of Plaintiff's appeal.

Because that appeal has since been reinstated, Defendants are correct that their objection to the court's Order of April 28, 2009 (#273) granting Plaintiff leave to proceed *in forma pauperis* on appeal is no longer moot. Accordingly, in resolving the pending motion, the court will consider the arguments and documentary evidence previously submitted in Defendants' original motion for reconsideration (#275), Plaintiff's opposition (#278), and Defendants' reply (#281). Having so

considered the parties' submissions, the court finds that Defendants have failed to identify any error warranting reversal of the court's prior decisions and will deny the pending motion.

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendants challenging a prisoner's eligibility for *IFP* status under § 1915 bear the initial burden of producing sufficient documentary evidence to allow the district court to conclude that the plaintiff has at least three strikes under § 1915(g). *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." *Id.* "[U]nder the plain language of § 1915(g), . . . prior dismissals . . . qualify as strikes only if, after reviewing the orders dismissing those actions and other relevant information, the district court determine[s] that they had been dismissed because they were frivolous, malicious or failed to state a claim." *Id.* at 1121.

Defendants have identified five cases brought by Plaintiff that they argue should qualify as strikes under § 1915(g). Doc. #275, pp. 5-6 & Ex. A-E. However, three of those cases fail to meet the statutory criteria. Two were civil actions brought in state court (*id.*, Ex. C & D), rather than "in a court of the United States" as the plain language of the statute requires. 28 U.S.C. § 1915(g); *see also* 28 U.S.C. § 451 (defining "court of the United States"). The remaining three cases were federal civil actions filed by Plaintiff in this court. Yet only two of those cases—*Ortiz v. Abraham*, No. 3:03-CV-00087 (D. Nev. Mar. 21, 2003) (order dismissing complaint) (Doc. #275, Ex. A), and *Ortiz v. Schaff*, No. 3:03-CV-00566 (D. Nev. Nov. 2, 2003) (order dismissing complaint) (Doc. #275, Ex. B)—satisfy the requirement that the "action . . . was dismissed on the grounds that it is

2

frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *see Andrews*, 398 F.3d at 1121.

The remaining case fails to satisfy that requirement. In *Ortiz v. Waggoner*, No. 3:01-CV-00018 (D. Nev. Mar. 31, 2003) (Doc. #275, Ex. E), the court denied Plaintiff's second motion for a temporary restraining order as frivolous. But the denial of a TRO in an interlocutory order does not amount to "an action" being "dismissed," as § 1915(g) requires. "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when . . . the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews*, 398 F.3d at 1121. The court's records reveals that *Waggoner* was ultimately resolved on summary judgment based on Plaintiff's failure to establish any triable issues of fact, rather than being dismissed as frivolous, malicious or failing to state a claim. Thus, it cannot count as a third strike under § 1915(g).

This court recognizes that its conclusion contradicts the court's order in *Waggoner*, which goes beyond the denial of Plaintiff's motion as frivolous to further state that "a strike, as defined by 28 U.S.C. § 1915 is hereby assessed against plaintiff." Doc. #275, Ex. E, p. 2. However, that declaration is extraneous to the issues presented and actually litigated in *Waggoner* and is therefore not entitled to preclusive effect. The practice of "calling strikes" may serve a valuable purpose by notifying a prisoner of the potential loss of *IFP* eligibility in future actions. Nonetheless, § 1915(g) does not contemplate the practice and assigns no significance to "called strikes" or the lack thereof. The statute applies only where a prisoner brings a new civil action or appeal while seeking to proceed *IFP*, and its enforcement lies exclusively with the court in which the action or appeal is brought. That court must determine whether the person "has, on 3 or more prior occasions, . . . brought an action or appeal . . . that was dismissed" on a qualifying ground. 28 U.S.C. § 1915(g). In doing so, the court cannot simply count called strikes; rather, it must conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in

fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews*, 398 F.3d at 1121.

Having conducted such an examination, this court finds that three of the five cases identified by Defendants fail to satisfy the statutory criteria. Plaintiff is therefore not prohibited under § 1915(g) from proceeding *IFP* on appeal.

IT IS THEREFORE ORDERED that Defendants' Motion for Reconsideration of Order Denying Defendants' Motion for Reconsideration of Order Granting Plaintiff's Motion to Proceed In Forma Pauperis on Appeal (#285) is DENIED.

IT IS SO ORDERED.

DATED this 17th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4